IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX    )<br>    a/k/a ANTONE LA. KNOX,    )<br>    a/k/a ANTION L. KNOX,    )<br>    a/k/a ANTION LOMAND KNOX,)<br>    a/k/a ANTONIO L. KNOX,    )<br>    )<br>    Petitioner,    )<br>    )<br>v.    )    CIV-12-1257-W<br>    )<br>ANITA TRAMMELL, Warden,    )<br>    et. al.,    )<br>    )<br>    Respondents.    ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and submitted an application to proceed *in forma pauperis* with his Petition. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Petitioner has named as respondents the interim warden of the Oklahoma State Penitentiary ("OSP"), Ms. Trammell, and the "clinical coordinator" of the mental health unit at OSP, Ms. Morgan. In ground one, Petitioner contends that he is being confined involuntarily in the mental health unit of OSP beginning February 6, 2009, without notice or a hearing. Petition, at 7. In ground two, Petitioner contends that he has generally been

denied his right to seek the redress of his grievances[1] and "the court should excuse prisoner failure to exhaust." Id. at 7-8. In ground three, Petitioner asserts that he has been unlawfully denied parole, early release, and earned credits because of his involuntary commitment to the OSP mental health unit "under false pretense." Petition, at 8. Petitioner also alleges in ground three that his rights under the Americans with Disabilities Act ("ADA") have been violated and that he has been subjected to "racial profiling," but he does not make any specific allegations with respect to these claims. Id. Petitioner has attached 102 pages of exhibits to his Petition.

This is Petitioner's ninth cause of action filed in this Court in 2012 alone. Petitioner has brought four previous habeas corpus actions based on the same allegations he alleges herein. See Knox v. Morgan, Case No. CIV-10-1274-W (W.D. Okla)[2]; Knox v. Workman, Case No. CIV-12-260-C (W.D. Okla.)[3]; Knox v. Morgan, Case No. CIV-12-446-W (W.D.

---

[1] Petitioner names additional state correctional officials in this ground, but none of those individuals were included in the style of the case. Therefore, the only respondents in the action are Respondents Trammel and Morgan.

[2] In Case No. CIV-10-1274-W, the Court found that Petitioner's claims, in which he alleged, *inter alia,* that he had been placed in OSP's mental health unit without a court order or determination by a doctor, were more appropriately brought under 42 U.S.C. § 1983 rather than in a federal habeas proceeding and that Petitioner's failure to comply with the Court's orders to file his action on the proper form warranted dismissal of the action without prejudice. On appeal, the Tenth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability.

[3] In Case No CIV-12-260-C, the Court dismissed the § 2241 action without prejudice to refiling in an action seeking relief under 42 U.S.C. § 1983. In that action, Petitioner alleged, as he does herein, that he had been confined involuntarily in OSP's mental health unit without a prior hearing or determination of mental illness, that his rights to seeks redress of his grievances had been violated, and that his rights under the ADA had been violated.

Okla.)[4]; <u>Knox v. Morgan</u>, Case No. CIV-12-547-W (W.D. Okla.)[5], and <u>Knox v. Trammell</u>, Case No. CIV-12-1256-W (W.D. Okla.)[6]. The first three of these actions were dismissed, the fourth action was transferred to the United States District Court for the Eastern District of Oklahoma, and the fifth action is pending in this Court.

Okla.)[4]; <u>Knox v. Morgan</u>, Case No. CIV-12-547-W (W.D. Okla.)[5], and <u>Knox v. Trammell</u>, Case No. CIV-12-1256-W (W.D. Okla.)[6]. The first three of these actions were dismissed, the fourth action was transferred to the United States District Court for the Eastern District of Oklahoma, and the fifth action is pending in this Court.

The Petition should have been filed as a 42 U.S.C. § 1983 action because it does not challenge the fact or duration of his confinement. Although Petitioner alleges in ground three that he has been denied "earned credits" and "parole, commutation, pardon, etc.," he is actually asserting that his confinement in OSP's mental health unit "under false pretense" violates his constitutional rights. Petitioner is probably attempting to assert his claims in a habeas action because he is subject to the filing restrictions set out in 28 U.S.C. § 1915(g) due to his history of filing frivolous civil actions. Because the instant action seeks relief under 28 U.S.C. § 2241 instead of under 42 U.S.C. § 1983, the Petition should be dismissed without prejudice pursuant to refiling under 42 U.S.C. § 1983.

---

[4] In Case No. CIV-12-446-W, in which Petitioner asserted that he had been involuntarily committed to OSP's mental health unit without notice and an opportunity to be heard, the Court dismissed the § 2241 action without prejudice to refiling in an action seeking relief under 42 U.S.C. § 1983.

[5] In Case No CIV-12-547-W, Petitioner alleged, *inter alia*, that he was denied due process and equal protection due to the denial of earned credits while confined in OSP's mental health unit and the denial of parole and that he was denied his First Amendment right to petition for redress of his grievances.

[6] In Case No. CIV-12-1256-W, Petitioner asserts, as he does herein in ground three, that he has been denied earned credits and denied parole without due process, that his rights under the ADA have been violated during his confinement in OSP's mental health unit, and that he has been involuntarily committed to OSP's mental health unit "by force."

RECOMMENDATION

Based on the foregoing findings, it is recommended that Petitioner's Motion for Leave to Proceed In Forma Pauperis (Doc. # 2) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED WITHOUT PREJUDICE to refiling under 42 U.S.C. § 1983.  The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      December 10th , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    19th    day of    November   , 2012.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE