IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ANITA TRAMMELL, Interim Warden, ) <br> et al., ) <br> ) <br> Respondents. ) | No. CIV-12-1257-W |

**FILED**

DEC 1 0 2012

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

## ORDER

On November 19, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, wherein he recommended that the Court dismiss the Ex Parte Petition for a Writ of Habeas Corpus ("Petition") filed by petitioner Antone Lamandingo Knox pursuant to title 28, section 2241 of the United States Code. Knox was advised of his right to object, and the matter now comes before the Court on Knox's Ex Parte Objection to U.S. Magistrate Judge Report and Recommendation [Doc. 9].

Upon de novo review of the record, the Court concurs with Magistrate Judge Purcell's suggested disposition of this action. In his Petition, Knox has complained that he has been involuntarily confined to the mental health unit at Oklahoma State Penitentiary without notice and an opportunity to be heard and that he has been denied certain rights, including the right to seek redress and to earn credits, parole and/or early release, because of his involuntary commitment under "false pretenses." Doc. 1 at 8. As Magistrate Judge Purcell has determined, these claims relate to Knox's conditions of confinement rather than challenge the execution of Knox's sentence.

This Court cannot entertain conditions-of-confinement claims in a habeas action under section 2241 since title 42, section 1983 of the United States Code provides the exclusive remedy for such claims. E.g., Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in section 1983 civil rights action rather than habeas proceeding). See Knox v. Morgan, No. CIV-12-446-W (W.D. Okla. June 29, 2012)(section 1983 provides exclusive remedy for conditions-of-confinement claims); Knox v. Workman, No. CIV-12-260-W (W.D. Okla. April 6, 2012)(conditions of confinement claims brought by state inmate not cognizable under section 2241); Knox v. Morgan, No. CIV-10-1274-W (W.D. Okla. September 8, 2011).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 8] filed on November 19, 2012; and

(2) DISMISSES the claims in this matter without prejudice to refiling in an action seeking relief under section 1983, assuming the claims to be asserted are not repetitive of any claims for relief asserted in lawsuits previously filed by Knox.

ENTERED this 10th day of December, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE